UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*In re Lehman Brothers Holdings, Inc., et al.*

DAN IANELLO,

                          Appellant,

      -v-

LEHMAN BROTHERS HOLDINGS INC.,

                          Appellee.

19 Civ. 6397 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

      This appeal from the U.S. Bankruptcy Court for the Southern District of New York arises out of the 2008 bankruptcy of appellee Lehman Brothers Holdings, Inc. ("LBHI") and its affiliates. In April 2019, Rex Wu, an individual proceeding *pro se*, filed a motion in the Bankruptcy Court seeking leave to file a late claim against LBHI. Appellant Dan Ianello, also *pro se*, filed a joinder to Mr. Wu's motion in the Bankruptcy Court, but did not file a motion of his own. On May 29, 2019, LBHI objected to Wu's motion. On June 6, 2019, Wu filed a response. On June 19, 2019, after argument, the Bankruptcy Judge denied Wu's motion. Wu did not file a notice of appeal. Ianello, however, did.

      LBHI argues that the Court must dismiss Ianello's appeal for lack of standing. The Court agrees. "In order to have standing to appeal from a bankruptcy court ruling, an appellant must be a person aggrieved—a person directly and adversely affected pecuniarily by the challenged order of the bankruptcy court." *In re DBSD N. Am., Inc.*, 634 F.3d 79, 89 (2d Cir. 2011). "This test is stricter than Article III's injury in fact test." *In re Barnet*, 737 F.3d 238, 242 (2d Cir. 2013). In practical terms, it means that an "[a]ppellant cannot proceed with [an] appeal if [they] cannot

demonstrate that [they] suffered a direct financial injury as a result of the Order." *In re Assante*, No. 12 Civ. 5309 (CS), 2013 WL 787968, at *2 (S.D.N.Y. Mar. 4, 2013). And, critically, "[i]n addition to satisfying the aggrieved person standard, an appellant must also establish prudential standing, meaning that the appellant must 'assert his own legal rights and not those of third parties.'" *In re Old HB, Inc.*, 525 B.R. 218, 222 (S.D.N.Y. 2015) (quoting *Freeman v. Journal Register Co.*, 452 B.R. 367, 371 (S.D.N.Y. 2010)).

That is exactly what Ianello seeks to do. If Wu's motion below had been granted by the Bankruptcy Court, it would not have given Ianello permission to file a proof or claim against LBHI. And as LBHI correctly notes, the denial of the motion did not preclude Ianello from himself moving for leave to file a proof or claim, nor did it impact any other claim he might have had. In other words, the Bankruptcy Court's denial of Wu's motion did not "directly and adversely affect[]" Ianello's pecuniary interests. *In re DBSD N. Am., Inc.*, 634 F.3d at 89. Ianello therefore lacks standing to bring this appeal. This appeal must be dismissed.

Ianello all but concedes as much, as his brief focuses on Wu's claims.[1] Dkt. 9. And Wu, whose interests are implicated, is not a proper party to this appeal. Following Ianello's appeal to this Court, Wu filed a *pro se* letter styled as a Motion for Joinder, in which he sought to join the instant appeal because he himself "was not able to file an appeal due to an illness." Dkt. 4. Regrettably, this cannot substitute for a timely filed notice of appeal. Nor can the Court *sua sponte* convert Wu's motion into a motion to intervene on appeal under Fed. R. Bankr. P. 8013(g),

---

[1] Ianello's reply brief is similarly focused on Wu's objections to the Bankruptcy Court's ruling of Wu's motion. *See* Dkt. 14 at 6 ("The Bankruptcy Court erred in two respects . . . [First], [t]he Appelle's Objection to Mr. Wu's motion in Bankruptcy Court did not answer or object to the arguments Mr. Wu presented . . . The second respect is the 'Demand for Service.' Mr. Wu requests the [Court] to review the process of how the dismissal of the 'Demand of Service' transpired . . . .").

because Ianello, the sole appellant, lacks standing. There is no properly brought appeal in which Wu may intervene.

For the foregoing reasons, this matter is dismissed. The Clerk of Court is respectfully directed to terminate the motion pending at docket 4 and to close this case.

LBHI is directed to serve a copy of this order on Ianello by Certified Mail and to file proof of service on the docket of this case.

SO ORDERED.

　　　　　　　　　　　　　　　　　　　　　　PAUL A. ENGELMAYER
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

Dated: March 30, 2020
　　　　New York, New York